OPINION
{¶ 1} Plaintiffs, Colin Russell, Hear Ear Hearing Aids, Inc., and Hear Ear Hearing Aid Center, Inc., appeal from an order dismissing an action Plaintiffs commenced against Defendant, The Ohio Bell Telephone Company d/b/a ATT Ohio *Page 2 
("ATT").
 {¶ 2} In early December of 2004, Plaintiffs arranged with ATT to have a telephone listing for "Kenwood Hearing Aids" included in ATT's business white pages. In late December of 2004, Plaintiffs decided that they did not want the listing. Russell called a representative of ATT, who agreed to eliminate the listing from the white pages. However, ATT subsequently included "Kenwood Hearing Aids" and its telephone number in at least two editions of ATT's business white pages.
 {¶ 3} On May 1, 2007, Plaintiffs commenced an action against ATT in the court of common pleas seeking compensatory and punitive damages on theories of negligence, breach of contract, and defamation. ATT moved to dismiss the action pursuant to Civ. R. 12(B)(1) for lack of subject matter jurisdiction, arguing that the Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction to determine the issues presented for adjudication by Plaintiffs' claims for relief. The trial court agreed and dismissed the action. Plaintiffs filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT RELINQUISHED ITS JURISDICTION OVER THIS CASE TO THE PUBLIC *Page 3 
UTILITIES COMMISSION OF OHIO."
 {¶ 5} We apply the standard of de novo review to the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction.Crestmont Cleveland Partnership v. Ohio Dept. Of Health (2000),139 Ohio App.3d 928, 936. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. Of Edn. (1997),122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal Co.,64 Ohio St.2d 116, 119-120, 1992-Ohio-106. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v.Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 6} R.C. 4905.26 provides that PUCO shall hold a hearing regarding complaints filed against public utilities alleging "that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, *Page 4 
or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential. . . ."
 {¶ 7} The General Assembly enacted R.C. 4901.01, et seq. to regulate the business activities of public utilities and created PUCO to administer and enforce these provisions. Kazmaier Supermarket v. ToledoEdison Co. (1991), 61 Ohio St.3d 147, 150. Because of the comprehensive nature of this statutory scheme, "[t]he commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except the Supreme Court) any jurisdiction over such matters." State ex rel. Columbia Gas of Ohio v. Henson,102 Ohio St.3d 349, 2004-Ohio-3208, at _16, quoting State ex rel. Cleveland Elec.Illum. Co. v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 447, 450. R.C. 4905.26 specifically confers exclusive jurisdiction upon PUCO to determine whether any service provided by a public utility is in any respect unjust, unreasonable, or in violation of law.Henson, 2004-Ohio-3208, at _16.
 {¶ 8} Those claims that are "manifestly service-related complaints" are within the exclusive jurisdiction of PUCO. *Page 5 Id. at _20. "[H]owever, courts retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." State ex rel. Illum.Co. v. Cuyahoga Cty. Court of Common Pleas, 97 Ohio St.3d 69,2002-Ohio-5312, at _20. But the mere fact that the claims against the utility are couched in tort or contract terms is insufficient to confer jurisdiction upon a common pleas court. Henson, 2004-Ohio-3208, at _19. Instead, courts must look beyond the language used in the complaint and examine the underlying nature of the claims. Id. at _20.
 {¶ 9} In granting ATT's motion to dismiss, the trial court relied on the Ninth District's decision in Vass v. Ohio Bell Telephone Co. (April 22, 1981), Summit App. No. 9977. In Vass, the plaintiff, a stenographer reporter, sought damages for Ohio Bell's failure to include her in its residential white pages. Ohio Bell did include her in the separate business section. The court noted that "[y]ellow pages advertising is governed by contract, but any duty breached with regard to the residential white pages flows from rules of the P.U.C.O." Although the facts before us are somewhat different than those in Vass, as Russell complains of being included in the directory rather than being omitted from the *Page 6 
directory, we find Vass persuasive on the issue of exclusive jurisdiction.
 {¶ 10} A number of rules have been enacted relating to the white pages provided by phone companies. O.A.C. 4901:1:5-06(B)(1) requires that "[e]ach local service provider shall ensure that each of its subscribers is annually provided, free of charge, a printed directory (ies), which contains, at a minimum, all of the published telephone numbers within the subscriber's local calling area in accordance with the local service provider's directory distribution practices in place as of May 29, 2001." The printed directory "shall list, at a minimum, in alphabetical order, the names, addresses, and telephone numbers of all subscribers in the local calling area, except information not published at thesubscriber's request and payphone numbers." O.A.C. 4901:1-5-06(B)(4) (emphasis supplied).
 {¶ 11} Further, O.A.C. 4901:1-5-16(F) requires a three months' credit of local service charges where the local service provider omits a subscriber's listing from the white pages or lists an incorrect telephone number, and O.A.C. 4901:1-5-12(D) and (E) require telephone companies to provide intercept service and a new telephone number free of charge where there is an error in the telephone number listed in its *Page 7 
directory.
 {¶ 12} The conduct of ATT of which Plaintiffs complain implicates PUCO rules governing white pages listing in ATT's telephone directory, both the requirement to list and a subscriber's request for non-publication. This is sufficient to find that the claims, although they rely on common-law theories, are manifestly service-related and therefore within the exclusive jurisdiction of PUCO, as the trial court found.
 {¶ 13} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "WHEN MATTERS OUTSIDE THE PLEADINGS WERE PRESENTED TO THE COURT AND THE COURT DID NOT EXCLUDE THEM, THE MOTION TO DISMISS SHOULD HAVE BEEN CONVERTED TO A SUMMARY JUDGMENT MOTION AND DEALT WITH ACCORDINGLY."
 {¶ 15} Plaintiffs argue that the trial court erred when it failed to convert ATT's motion to dismiss to a motion for summary judgment after the trial court considered exhibits attached to the parties' memoranda relating to the motion to dismiss. We do not agree.
 {¶ 16} ATT filed a motion to dismiss pursuant to Civ. R. 12(B)(1). The Supreme Court has made it clear that "[t]he trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction *Page 8 
pursuant to a Civ. R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." Southgate Dev. Corp. v. Columbia Gas Transm.Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
 {¶ 17} The case cited by Plaintiffs, State ex rel. Natalina FoodCompany v. Civil Rights Commission (1990), 55 Ohio St.3d 98, is inapposite as it involved a motion to dismiss filed pursuant to Civ. R. 12(B)(6), failure to state a claim, rather than Civ. R. 12(B)(1). Further, Civ. R. 12(B)'s reference to converting a motion to dismiss to a motion for summary judgment applies to motions brought under Civ. R. 12(B)(6), not 12(B)(1). Therefore, the trial court did not err in granting ATT's motion to dismiss without first converting it to a motion for summary judgment.
 {¶ 18} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.
Copies mailed to:
 Hon. Mary Katherine Huffman *Page 1