[Cite as *Mosley v. Dayton Power & Light Co.*, 2017-Ohio-985.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RON MOSLEY | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27301 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-3330 |
| | : | |
| DAYTON POWER AND LIGHT COMPANY | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of March, 2017.

. . . . . . . . . . .

RON MOSLEY, 900 Willowbrook Court, Riverside, Ohio 45424-8022
          Plaintiff-Appellant, *pro se*

JAMES PAPAKIRK, Atty. Reg. No. 0063862, and HALLIE S. BORELLIS, Atty. Reg. No. 0076510, Flagel & Papakirk, LLC, 50 East Business Way, Suite 410, Cincinnati, Ohio 45241
          Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant Ron Mosley appeals the judgment of the Montgomery County Court of Common Pleas dismissing his complaint for damages against defendant-appellee Dayton Power & Light Company ("DP&L").   At issue is whether Mosley's complaint represents a service complaint, which is within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). For the reasons that follow, we affirm.

## I. Facts and Procedural History

**{¶ 2}** DP&L, a public utility under R.C. 4905.02, supplies electricity throughout Montgomery County including Dayton.   Mosley is a residential customer of DP&L.

**{¶ 3}** Mosley, acting pro se, filed a complaint against Dayton Power & Light.   The complaint makes an allegation that DP&L has overcharged Mosley since 1998. Attached to the complaint are copies of what appear to be documents filed in the United States District Court for the Southern District of Ohio regarding prior suits initiated by Mosley against DP&L.   The documents set forth allegations of overcharges in billing. From a review of these documents, it appears that Mosley's complaints center on a claim that DP&L failed to monitor its billing process properly because it routinely generated bills based upon estimated meter readings, resulting in bills that were larger than actual meter readings would support.   The documents appear to acknowledge that DP&L adjusted all estimated billings when actual readings were made.

**{¶ 4}** DP&L filed a timely answer, as well as a Motion to Dismiss and a Motion for Judgment on the Pleadings.   Mosley filed a response to the motions.   Attached to the response were documents appearing to be copies of pleadings filed by Mosley against

DP&L in another federal court action. The documents indicate that the suit was based upon a claim that DP&L double charged Mosley. The documents also indicate that the action was dismissed for lack of subject matter jurisdiction. In addition to the federal court action, Mosley attached documents indicating that he has previously filed at least four complaints with PUCO alleging incorrect billings by DP&L.

{¶ 5} On September 19, 2016, the trial court granted the motion to dismiss finding that it lacked subject matter jurisdiction. Mosley, acting pro se, has filed a timely appeal.

## II. The Common Pleas Court is Without Subject Matter Jurisdiction.

{¶ 6} Mosley's appellate brief does not set forth any "assignments of error presented for review, with reference to the place in the record where each error is reflected[,]" as required by App.R. 16(A)(3). Nor does it comply with any of the other provisions set forth in that rule. From our reading of his brief, we conclude that Mosely simply disagrees with the dismissal of his case. Thus, we set forth the following as his sole assignment of error:

THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶ 7} The issue in this case is whether the trial court properly dismissed the claim for lack of subject matter jurisdiction. DP&L's motion was made under Civ.R. 12(B)(1), which permits defendants to file motions to dismiss based on lack of subject matter jurisdiction. "In determining whether a plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, a trial court is not confined to the allegations of the complaint, and it may consider evidentiary

material pertinent to such inquiry without converting the motion to a motion for summary judgment." *Tibbs v. Kendrick*, 93 Ohio App.3d 35, 39–40, 637 N.E.2d 397 (8th Dist.1994). Our review of such a dismissal is de novo. *Russell v. AT & T Corp.*, 2d Dist. Montgomery No. 22373, 2008-Ohio-3489, ¶ 5.

{¶ 8} "The General Assembly enacted R.C. 4901.01, et seq. to regulate the business activities of public utilities and created PUCO to administer and enforce these provisions." *Id.*, ¶ 7. The regulatory statute relevant hereto, R.C. 4905.26, provides, in part:

> Upon complaint in writing against any public utility by any person, firm, or corporation, * * * that any rate, fare, charge, toll, rental, schedule, classification, or service, * * * rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, * * * if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof.

{¶ 9} "Because of the comprehensive nature of this statutory scheme, '[t]he commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts

(except the Supreme Court) any jurisdiction over such matters.' " *AT & T Corp.* at ¶ 7, quoting *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 450, 727 N.E.2d 900 (2000). Those claims that are "manifestly service-related complaints" are within the exclusive jurisdiction of PUCO. *Id.* at ¶ 8. "[C]ourts retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." *State ex rel. The Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 20. But the mere fact that the claims against the utility are couched in tort or contract terms is insufficient to confer jurisdiction upon a common pleas court. *Id.* at 21. "Instead, courts must look beyond the language used in the complaint and examine the underlying nature of the claims." *AT & T Corp.*, 2008-Ohio-3489, ¶ 8.

{¶ 10} The Ohio Supreme Court has adopted a two-part test to determine whether allegations state service-related or common-law tort claims: (1) whether the PUCO's administrative expertise is required to resolve the issue in dispute, and (2) whether the act complained of constitutes a practice normally authorized by the utility. *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 893 N.E.2d 824, ¶ 11 – 13, citing *Pacific Indemn. Ins. Co. v. Illum. Co.*, 8th Dist. Cuyahoga No. 82074, 2003-Ohio-3954, ¶ 15. "If the answer to both questions is in the affirmative, the claim is within PUCO's exclusive jurisdiction." *Saks v. East Ohio Gas Co.,* 2012-Ohio-2637, 971 N.E.2d 498*,* ¶ 12 (8th Dist.).

{¶ 11} In this case, the complaint does not contain any allegations of breach of contract or common-law tort. Instead, it merely states a claim for overcharges. A liberal reading of the complaint, at best, demonstrates that Mosley objects to DP&L's method of

billing. The Supreme Court of Ohio has explicitly stated that the failure of a utility to "properly monitor its rate and billing process," is a matter vested to the exclusive jurisdiction of PUCO. *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153, 573 N.E.2d 655 (1991). Further, a determination of the amount overcharged, if any, would require an analysis of the different rates in effect during the time period of which Mosley complains. This would be best accomplished by the commission and staff familiar with such matters.

{¶ 12} We conclude that the trial court did not err in determining that Mosley's complaint states a claim for matters that are within PUCO's exclusive jurisdiction. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 13} Mosley's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J., AND FROELICH, J., concur.

Copies mailed to:

Ron Mosley
James Papakirk
Hallie S. Borellis
Hon. Michael W. Krumholtz