[Cite as *Buckingham v. Buckingham*, 2018-Ohio-2038.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| NANCY J. BUCKINGHAM | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-41 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-0343 |
| | : | |
| JAY A. BUCKINGHAM | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of May, 2018.

. . . . . . . . . . .

MICHAEL P. MCNAMEE, Atty. Reg. No. 0043861, and ALEXANDER W. CLOONAN, Atty. Reg. No. 0095690, 2625 Commons Boulevard, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellant

KENT J. DEPOORTER, Atty. Reg. No. 0058487, 7501 Paragon Road, Dayton, Ohio 45459
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Nancy J. Buckingham appeals from the Civ.R. 12(B)(1) dismissal of her tort complaint against appellee Jay A. Buckingham, her ex-husband, by the general division of the Greene County Common Pleas Court.

{¶ 2} Nancy advances two assignments of error.[1] First, she contends the trial court erred in relying on the jurisdictional-priority rule to dismiss her complaint. Second, she claims the trial court erred in finding that the domestic relations division of the Greene County Common Pleas Court had exclusive jurisdiction over the issues raised in her complaint.

{¶ 3} The record reflects that Nancy and Jay obtained a final judgment and divorce decree from the domestic relations division in November 2013. Thereafter, in May 2016, Nancy filed a complaint, which she later amended, against Jay in the general division, alleging fraudulent concealment and spoliation of evidence. The claims in the amended complaint are based on allegations that Jay had hidden money from Nancy during the pendency of the divorce proceedings "that should have been included as marital property in Plaintiff and Defendant's divorce proceedings." (Doc. #10, #28). In his answer, Jay raised lack of subject-matter jurisdiction as a defense. (Doc. #15). After briefing by the parties, the trial court dismissed Nancy's complaint for lack of subject-matter jurisdiction. (Doc. #74). The trial court cited two reasons for its decision. First, it concluded that, as between courts of concurrent jurisdiction, the jurisdictional-priority rule obligated Nancy to bring her claims in the domestic relations division, whose power had been invoked first, rather than the general division. (*Id.* at 5-6). Second, the trial court concluded that Nancy's

---

[1] For clarity and convenience, we will refer to the parties by their first names.

claims came within the exclusive statutory jurisdiction of the domestic relations division. (*Id.* at 6-10). This appeal followed.

{¶ 4} In her two assignments of error, Nancy challenges both of the trial court's conclusions. First, she contends the jurisdictional-priority rule does not apply because the issues raised in her case are not the same as the issues raised in the domestic relations case, the claims involved in the two cases are different, and the two cases do not involve the same "whole issue." Second, Nancy challenges the trial court's determination that the domestic relations division had exclusive statutory jurisdiction. She argues that the domestic relations division does not have sole jurisdiction over all cases involving husbands and wives, that she is not seeking the remedies provided by domestic relations statutes, and that even true domestic relations cases may be heard by a general-division judge for "some special reason," which exists here.

{¶ 5} We begin our analysis with Nancy's second assignment of error, which addresses whether the domestic relations division had exclusive statutory jurisdiction over her claims. Because the trial court dismissed Nancy's complaint for lack of subject-matter jurisdiction, we review its decision de novo. *Mosley v. Dayton Power and Light Co.*, 86 N.E.2d 910, 2017-Ohio-985, ¶ 7 (2d Dist.).

{¶ 6} Pursuant to R.C. 2301.03(O)(1), the domestic relations division of the Greene County Common Pleas Court "shall be assigned all divorce, dissolution of marriage, legal separation, annulment, * * * and all other cases related to domestic relations, except cases that for some special reason are assigned to some other judge of the court of common pleas." This court has recognized that "[a] statutory assignment to one division of a court confers on that division exclusive jurisdiction to determine the matters assigned,

and deprives the court's other divisions, including its general division, of jurisdiction to determine those same matters." *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, 811 N.E.2d 565, ¶ 12 (2d Dist.), citing *Comer v. Bench*, 2d Dist. Montgomery No. 19229, 2003-Ohio-2821. The rule "has been applied to limit jurisdiction over all cases of divorce or dissolution to a common pleas court's domestic relations division when it has one." *Id.*, citing *Bantz v. Bantz*, 2d Dist. Greene No. 92-CA-0073, 1993 WL 32002 (Feb. 10, 1993).

{¶ 7} In *Keen*, this court affirmed the general division's dismissal of the plaintiff-former wife's complaint against her former husband. The complaint contained claims for conversion and unjust enrichment and sought a declaration regarding the plaintiff's right to a portion of her husband's retirement benefits. The basis for the complaint was that, through inadvertence or otherwise, the plaintiff improperly had been deprived of a share her ex-husband's retirement benefits, which were not divided during the parties' divorce years earlier. In affirming the trial court's dismissal of the complaint, this court reasoned:

> The claims for relief pleaded in the complaint that Ingrid filed in the action she commenced in the general division of the court of common pleas are a collateral attack on the decree of dissolution that the domestic relations division of that court granted in 1978, to the extent that the relief for which Ingrid prayed *would necessarily vacate or modify the relief that was granted by the domestic relations division* in its decree of dissolution with respect to ownership of Paul's retirement benefits.

> The trial court, which is in the general division, correctly found that it lacked jurisdiction to determine the claims for relief that Ingrid's complaint presented. *The nature of these claims notwithstanding*, the relief prayed for

is available only through the domestic relations division, not the general division.

Res judicata bars a new action on the same claims for relief which were adjudicated in a prior action between the parties and on related claims that could have been presented in the prior action but were not. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. Therefore, as the trial court observed, Ingrid's only avenue of relief on her claims is through a Civ.R. 60(B) motion filed in the court's domestic relations division. Such relief is available where consent or mutuality did not exist when the parties entered into the separation agreement underlying the dissolution decree because of fraud or material mistake or misrepresentation. * * *

(Emphasis added) *Keen* at ¶ 13-15.

{¶ 8} In our view, *Keen* is not meaningfully distinguishable from the present case. As in *Keen*, Nancy asserts tort claims predicated on events that occurred in prior divorce proceedings in the domestic relations division. In *Keen*, the plaintiff alleged that she had been deprived of a share of her ex-husband's retirement benefits, which had not been divided. Here Nancy alleges that she has been deprived of a share of her husband's hidden funds, which were not divided. As in *Keen*, we conclude that notwithstanding the nature of the claims Nancy asserts (i.e., tort claims),[2] the damages she seeks effectively

---

[2] In *Mosley*, 86 N.E. 2d. 910, 2017-Ohio-985, we recognized that the existence of subject-matter jurisdiction does not turn on whether claims are "couched in tort or contract terms." *Id.* at ¶ 9. " 'Instead, courts must look beyond the language used in the complaint and examine the underlying nature of the claims.' " *Id.*, quoting *Russell v. AT & T Corp.*, 2d Dist. Montgomery No. 22373, 2008-Ohio-3489, ¶ 8; *see also Lawton v. Howard*, 10th Dist. Franklin No. 13AP-878, 2014-Ohio-2660, ¶ 10 (affirming the general division's Civ.R. 12(B)(1) dismissal of the appellant's tort and breach-of-contract claims

would modify the relief that was granted by the domestic relations division in the divorce decree (to wit: its property division). Therefore, we conclude that Nancy's present lawsuit is an improper collateral attack on the divorce decree, that the domestic relations division has exclusive statutory jurisdiction over the subject matter of her complaint, and that her only potential remedy is a Civ.R. 60(B) motion in the domestic relations division.

{¶ 9} In opposition to the foregoing conclusion, Nancy asserts that she cannot bring a Civ.R. 60(B) motion in the domestic relations division because the time for doing so has expired. Even if that assertion is accurate, we note that potential unavailability of relief under Civ.R. 60(B) in the domestic relations division cannot confer jurisdiction on the general division where it does not exist. *Comer* at ¶ 16. If anything, the potential unavailability of Civ.R. 60(B) relief in the domestic relations division supports a determination that the general-division lacked subject-matter jurisdiction over Nancy's tort complaint. If the rule were otherwise, a plaintiff could vitiate Civ.R. 60(B) and circumvent its time bar by seeking similar relief in the general division, which is what Nancy essentially is trying to do. That would render the Civ. R. 60(B) fraud one-year time meaningless.

---

against his ex-wife because "in actuality, his complaint serv[ed] to contest the prior judgment and decree of divorce issued by the domestic relations division of the court of common pleas"); *Estate of Dombroski v. Dombroski*, 7th Dist. Harrison No. 14 HA 3, 2014-Ohio-5827, ¶ 1-2 ("[A]ppellants assert that a suit for fraud, conspiracy to commit fraud, and negligence does not fall within the probate court's exclusive jurisdiction, urging that such claims are regularly heard in the general division. * * * However, the entire basis for this suit deals with the contents of the summary release from administration filed in the probate court, and the damages sought essentially depend on whether the estate would have been distributed differently, which in turn involves the application of various probate laws. We adopt the evolving case law position that a probate court can award monetary damages, and we conclude that this case falls within the exclusive jurisdiction of the probate court[.]").

{¶ 10} Finally, Nancy contends the general division had subject-matter jurisdiction over her complaint because R.C. 2301.03(O)(1) grants the domestic relations division jurisdiction over all domestic relations cases except those "that for some special reason are assigned to some other judge of the court of common pleas." Nancy argues that a "special reason" exists here for assigning her case to the general division, namely that she cannot obtain relief in the domestic relations division under Civ.R. 60(B). We remain unpersuaded, however, that potential unavailability of relief under Civ.R. 60(B) is a "special reason" bestowing jurisdiction on the general division to do what Nancy claims no longer can be done in the domestic relations division.

{¶ 11} We note too that the special-reason language in R.C. 2301.03(O)(1) permits a case to be *assigned* to a general-division judge. The language suggests that the Greene County Common Pleas Court must make the special-reason determination itself. The statute does not permit a party to determine that a "special reason" exists for bypassing the domestic relations division and filing an otherwise-improper complaint in the general division. Thus, the trial court correctly held that the exception "does not apply in this matter, because there has not been an assignment of this case 'for some special reason' to some other judge of the common pleas court; on the contrary, it was the Plaintiff who took the step of filing this action in the General Division." (Doc. # 74 at 6-7).

{¶ 12} Having determined that the domestic relations division enjoyed exclusive jurisdiction over Nancy's complaint, we need not dwell on her argument about the jurisdictional-priority rule. Although the trial court addressed the rule, it involves determining which of multiple courts with concurrent jurisdiction may proceed. "The jurisdictional-priority rule provides that 'where there are two courts of concurrent

jurisdiction the court in which jurisdiction is first invoked obtains jurisdiction of the entire matter and other courts are excluded therefrom.' " *State ex rel. Dailey v. Dawson*, 149 Ohio St. 3d 685, 2017-Ohio-1350, 77 N.E.3d 937, ¶ 15, quoting *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 165, 243 N.E.2d 59 (1968). Even when the causes of action and relief requested are not the same, the jurisdictional-priority rule applies "if the suits present part of the same 'whole issue.' " (Citations omitted.) *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 29.

{¶ 13} Here the jurisdictional-priority rule did not apply because the domestic relations division had exclusive jurisdiction over Nancy's complaint. But even if we assume, arguendo, that the general division and the domestic relations division shared concurrent jurisdiction, as Nancy asserts, we agree with the trial court that the jurisdictional-priority rule would favor the domestic relations division.

{¶ 14} Nancy argues that the pre-existing domestic relations case, which remained open due to the filing of post-decree motions, does not preclude the general division from exercising jurisdiction over her tort complaint because the two suits do not involve part of the same "whole issue." The trial court held otherwise, reasoning:

> In this matter, the parties, Nancy Buckingham and Jay Buckingham, are the same parties as in the divorce action in the Greene County Domestic Relations Court, and the divorce proceedings between Nancy Buckingham and Jay Buckingham were initiated well before the filing of the instant case on May 24, 2016. Since Nancy Buckingham alleges, in this case, that Jay committed fraud and deceit in connection with the divorce proceedings in the Domestic Relations division, the suits present part of the same "whole

issue." Therefore, the jurisdictional priority rule applies * * *.

(Doc. #74 at 6).

{¶ 15} In opposition to the trial court's conclusion, Nancy argues that her tort claims differ from the claims involved in the divorce action and that a ruling in her favor in the tort case will not affect or interfere with the resolution of any issues in the divorce case. She asserts that her tort complaint does not seek to modify or vacate the divorce decree or any finding made in the divorce case. Rather, she claims the general division can award her damages not contemplated in the divorce action if it finds that her ex-husband fraudulently concealed assets during the divorce proceedings. In support of her argument, Nancy primarily discusses *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 515 N.E.2d 911 (1987), *Robinson v. Robinson*, 6th Dist. Lucas No. L-94-095, 1994 WL 573803 (Oct. 14, 1994), and this court's opinion in *Keen*.

{¶ 16} *Judson* involved a complaint for a writ of prohibition. The plaintiff-husband sought to preclude a common pleas court from proceeding on his wife's complaint involving the proceeds of an insurance policy following a wrongful-death settlement. Although ownership of the proceeds was at issue in a pending divorce action between husband and wife in another county, the Ohio Supreme Court found the jurisdictional-priority rule inapplicable because the two cases involved different causes of action and different parties. The wife's lawsuit involved issues and third-parties that properly would not be involved in the divorce case. The *Judson* court also found the jurisdictional-priority rule inapplicable because the common pleas court was a court of general jurisdiction, whereas the divorce case involved a court with limited, domestic relations jurisdiction.[3]

---

[3] *But see Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, 951 N.E.2d 72, ¶ 6

Finally, the Ohio Supreme Court found a writ of prohibition inappropriate because the plaintiff-husband had an adequate remedy at law through an appeal of a holding that the common pleas court had jurisdiction over the wife's complaint.

{¶ 17} In *Robinson*, a husband and wife were parties to a pending divorce action in the domestic relations division when wife filed a separate lawsuit in the general division. Her lawsuit named her husband, other individuals, and a partnership as defendants. She asserted that she had an ownership interest in the partnership and the stream of income it generated. The defendants moved to dismiss the lawsuit on the basis that the domestic relations division had subject-matter jurisdiction over it. Applying the jurisdictional-priority rule, the trial court dismissed the lawsuit. The Sixth District Court of Appeals reversed. It noted that the wife was seeking to be named a partner in the partnership and to be awarded an ownership interest therein. The Sixth District found that these issues fell outside the authority of the domestic relations division and within the exclusive jurisdiction of the general division.

{¶ 18} Finally, as noted above, this court in *Keen* affirmed the dismissal of an ex-wife's general-division lawsuit against her ex-husband based on her failure to obtain a share of his retirement benefits in a prior divorce proceeding. This court reasoned that her claims for conversion, unjust enrichment, and declaratory judgment were an improper collateral attack on the divorce decree insofar as they would have the effect of vacating or modifying the relief granted in the decree.

---

(describing R.C. 2301.03's grant of all power in domestic relations cases to the domestic relations division as "a specific grant of authority," but not a limitation on the domestic relations division's jurisdiction "over other cases," and noting that the domestic relations division retains the "same powers and jurisdiction" as other common pleas court judges).

**{¶ 19}** Nancy argues that her present lawsuit is similar to the lawsuits in *Judson* and *Robinson* but dissimilar to the lawsuit in *Keen*. We disagree. Of the three cases, we believe Nancy's lawsuit most closely resembles *Keen*. The present case is distinguishable from *Judson*, which involved issues and parties not properly part of the domestic relations case. Unlike *Judson*, Nancy's lawsuit involves only her and her ex-husband, the same parties to the divorce case. It also involves an issue properly addressed in the divorce case, namely her entitlement to a share of certain marital funds allegedly hidden by Jay. Although the present case raises tort claims not brought in the divorce case, the Ohio Supreme Court more recently has recognized that identity of claims or causes of action is not always necessary for the jurisdictional-priority rule to apply. *See, e.g.*, *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 11 ("Nevertheless, we have also recognized that the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same "whole issue."). Finally, we note that *Judson* involved a complaint for a writ of prohibition. The Ohio Supreme Court found the writ inappropriate, noting that the husband had an adequate remedy at law through an appeal if the common pleas court found that it had jurisdiction over the wife's complaint. The present case does not involve a writ of prohibition. Rather, *it is* an appeal of a common pleas court's ruling on the question of subject-matter jurisdiction.

**{¶ 20}** Nancy's reliance on *Robinson* is equally unavailing. *Robinson* involved parties and partnership issues that properly could not be addressed in the domestic relations division. Conversely, Nancy's lawsuit involves the same two parties involved in the divorce case, and the issue she raises is properly brought in the domestic relations

division. In fact, domestic relations statutes expressly address the issue Nancy's lawsuit implicates. Under R.C. 3105.171(B), the domestic relations division had jurisdiction over all property of either spouse, including Jay's allegedly concealed assets. Under R.C. 3105.171(E)(3), the parties were required to make a full disclosure of their assets in the divorce case. Under R.C. 3105.171(E)(4), the domestic relations division had the power to compensate Nancy for Jay's concealment or non-disclosure of assets. Finally, R.C. 3105.171(E)(5) provides a specific remedy when a spouse "substantially and willfully" fails to disclose assets. As in *Keen*, we believe the only proper procedure would be for Nancy to seek Civ.R. 60(B) relief in the domestic relations division and to pursue a remedy there for Jay's alleged concealment of assets.

{¶ 21} Based on the reasoning set forth above, we overrule Nancy's assignments of error and affirm the judgment of the Greene County Common Pleas Court, General Division.

. . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies mailed to:

Michael P. McNamee
Alexander W. Cloonan
Kent J. Depoorter
Hon. Michael A. Buckwalter