[Cite as *Lanza v. Lanza*, 2020-Ohio-6805.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FRANKLIN LANZA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-G-0244** |
| MICHELLE LANZA, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2019 P 000997.

Judgment: Affirmed.

*Michael R. Houston,* Houston Legal Counsel, P.O. Box 785, Chagrin Falls, Ohio 44022 (For Plaintiff-Appellant).

*Richard N. Selby, II,* Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, Ohio 44077 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}   Appellant, Franklin Lanza ("Mr. Lanza"), appeals from the judgment of the Geauga County Court of Common Pleas which granted appellee, Michelle Lanza's ("Ms. Lanza"), motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.  The trial court found Mr. Lanza was attempting to relitigate the same issues which could or should have been litigated in the parties' divorce case.

{¶2}    Mr. Lanza appeals, raising two assignments of error for our review in which he argues that the trial court erred in dismissing his complaint for (1) fraud and (2) abuse of process.

{¶3}    We find Mr. Lanza's assignments of error to be without merit and agree that Mr. Lanza is attempting to relitigate claims in the underlying divorce action. The proper procedural vehicle for claims of fraud and/or abuse of process in the parties' divorce and civil protection order ("CPO") proceedings is a Civ.R. 60(B) motion for relief from judgment in the court that has jurisdiction to hear those claims. The trial court in this case only had jurisdiction to determine its jurisdiction. We further find the outcome below to be correct and agree with the trial court that it "cannot preside over the claims raised by Plaintiff's Complaint" because it was without jurisdiction to consider the claims.

{¶4}    The judgment of the Geauga County Court of Common Pleas is affirmed.

**Substantive and Procedural Facts**

{¶5}    In late December 2019, Mr. Lanza filed a complaint in the trial court alleging claims of fraud and abuse of process against Ms. Lanza. Mr. Lanza alleged that while the parties were married, Ms. Lanza became pregnant with another man's child. He further alleged that in order to hide and later terminate the pregnancy, Ms. Lanza initiated a physical attack against Mr. Lanza for the purpose of having Mr. Lanza removed from the martial home. The attack escalated until Mr. Lanza restrained her, bringing both of them to the ground. Ms. Lanza took their two children to a friend's house, who took Ms. Lanza to the hospital for treatment for her injuries resulting from the parties' altercation. The Lake County Court of Common Pleas issued a CPO prohibiting Mr. Lanza from contact with Ms. Lanza and their children.

{¶6} Mr. Lanza specifically alleged in his complaint that Ms. Lanza initiated the CPO proceedings "for the ulterior motive of keeping [Mr. Lanza] from her presence and the family home so she could hide her infidelity, pregnancy caused by that infidelity and the subsequent termination of that pregnancy." He further alleged that Ms. Lanza was attempting to influence Mr. Lanza's actions in the CPO and divorce proceedings she initiated in the Lake County Court of Common Pleas, Domestic Relations Division.

{¶7} In his claim for fraud, Mr. Lanza alleged that Ms. Lanza materially misrepresented the facts to him regarding the divorce and CPO proceedings she initiated. These misrepresentations led Mr. Lanza to believe reconciliation was still possible; thus, he did not fully defend himself. As a result, he suffered damages through the loss of access to personal and real property, separation from his children, his agreement to not fully pursue his legal rights in reliance on Ms. Lanza's misrepresentations, and Ms. Lanza's consistent refusal to obey lawful orders of the court.

{¶8} In his claim for abuse of process, Mr. Lanza alleged Ms. Lanza used the CPO proceedings for the ulterior purpose of hiding her illicit pregnancy and its termination and to gain leverage in the divorce proceedings she initiated against him.

{¶9} In response, Ms. Lanza filed a motion to dismiss, arguing that all of the issues Mr. Lanza raised – the damages from loss of his personal and real property, separation from his children, and agreement to not pursue his legal rights – were the subject matter of the divorce proceedings and could or should have been litigated in that proceeding rather than this "ancillary cause of action."

{¶10} Mr. Lanza filed a "motion in opposition" to Ms. Lanza's motion to dismiss, in turn arguing that a dismissal at that stage of the proceedings would be premature because

3

Ms. Lanza was citing to facts outside of the record, which would be more properly brought before the court on a summary judgment motion.

{¶11} The trial court granted Ms. Lanza's motion to dismiss, finding that "it does seem clear enough from the Complaint itself that [Mr. Lanza] is seeking to relitigate the same issues which could or should have been litigated in the divorce case. No amount of evidentiary development is going to change that conclusion. Perhaps Plaintiff can still seek relief from such domestic relations court under Civil Rule 60. But it is clear to this Court, at least, that i[t] [sic] cannot preside over the claims raised by Plaintiff's Complaint. The assertion that Plaintiff would have approached the questions of protection orders, visitation, support, property division, and others differently had he known of the alleged pregnancy of the Defendant by another man is simply not for this court to review."

{¶12} Mr. Lanza raises two assignments of error on appeal:

{¶13} "[1.] The trial court erred in granting defendant-appellee's motion to dismiss plaintiff-appellant's complaint for fraud.

{¶14} "[2.] The trial court erred in granting defendant-appellee's motion to dismiss plaintiff-appellant's complaint for abuse of process."

**Motion to Dismiss**

{¶15} In Mr. Lanza's first and second assignments of error, he contends the trial court erred in granting Ms. Lanza's motion to dismiss his claims for fraud and abuse of process. He submits that: the trial court erred by assuming facts not found in the complaint, the trial court did not have facts in evidence regarding details of the parties' divorce case, and the trial court failed to differentiate between the parties' prior divorce

4

case and the CPO proceedings.  He further contends the prior legal proceedings were a crucial element of his abuse of process claim.

{¶16}  Because the rationale underlying our disposition of Mr. Lanza's first and second assignments of error is the same, we will address them together.

{¶17}  An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.  *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, ¶33.  A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*., 65 Ohio St.3d 545, 548 (1992).  When ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint.  *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶18}  Further, a court may generally take judicial notice of at least some matters outside of the pleadings in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment, such as copies of other courts' decisions and judgment entries related to a case before it.  *State ex rel. Kolkowski v. Bd. of Commrs. of Lake Cty*., 11th Dist. Lake No. 2008-L-138, 2009-Ohio-2532, ¶31; *see also State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶10 (finding it appropriate to take judicial notice of a dismissal entry in a separate case to decide whether dismissal in a prohibition claim was warranted); *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, ¶26 (courts can take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment); *Pirock v. Crain*, 11th Dist. No. 2019-T-0027, 2020-Ohio-869, ¶104.

{¶19} Mr. Lanza argues that the trial court prematurely granted Ms. Lanza's motion to dismiss without considering any pleadings or judgments from the divorce and/or CPO proceedings. The trial court rejected this argument because it was plain from the complaint that "no evidentiary development" would change the conclusion that Mr. Lanza is attempting to relitigate issues that are ongoing in the parties' divorce case.

{¶20} We agree with the trial court. The crux of Mr. Lanza's claims is that he would have decided matters pertaining to his divorce differently had he known that Ms. Lanza hid an unwanted pregnancy by another man. Mr. Lanza, however, is asking the trial court for relief which it is without jurisdiction to give. Only the domestic relations court in Lake County, Ohio, has jurisdiction to make determinations that would directly impact and concern the parties' domestic relations case.

{¶21} A review of Ms. Lanza's motion to dismiss reveals that while she made a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the gravamen of the motion was a lack of subject matter jurisdiction. While Civ.R. 12(B)(1) was not invoked by name, Ms. Lanza made the argument to the trial court that only the Lake County Domestic Relations Court had jurisdiction to consider Mr. Lanza's claims for relief.

{¶22} "A motion to dismiss for lack of subject-matter jurisdiction is made pursuant to Civ.R. 12(B)(1), and '[t]he standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.'" *Crawford v. Kirtland Local School Dist. Bd. of Edn.,* 11th Dist. Lake No. 2018-L-010, 2018-Ohio-4569, ¶25, quoting *Jones v. Ohio Edison Co.*, 11th Dist. Ashtabula, No. 2014-A-0015, 2014-Ohio-5466, ¶6. "'"[I]n determining whether the plaintiff

6

has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.'"' *Jones* at ¶6, quoting *Kinder v. Zuzak*, 11th Dist. Lake No. 2008-L-167, 2009-Ohio-3793, ¶10, quoting *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62 (4th Dist.1990). Further, we review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Manigault v. Chilson*, 11th Dist. Trumbull No. 2015-T-0037, 2015-Ohio-5223, ¶8.

{¶23} As a general proposition, subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case; it can never be waived and may be challenged at any time. *HSBC Bank USA, Natl. Assn. v. Bailey*, 11th Dist. Trumbull No. 2012-T-0086, 2014-Ohio-246, ¶23.

{¶24} "Once a court acquires jurisdiction of a cause of action, its authority continues until the matter is 'completely and finally disposed of.' Thus, a court of concurrent jurisdiction is not at liberty to interfere with the first court's proceedings." *Dzina v. Avera Internatl. Corp.*, 8th Dist. Cuyahoga No. 86583, 2006-Ohio-1363, ¶9, quoting *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga Cty.*, 150 Ohio St. 349 (1948), paragraphs two and three of the syllabus.

{¶25} "The jurisdictional priority rule provides that 'as between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Id.* at ¶10, quoting *State ex rel. Racing Guild of Ohio v. Morgan*, 17 Ohio St.3d 54, 56 (1985). Hence, "'where a suit is

commenced in one jurisdiction which involves the 'whole issue' between the parties, a second court may not interfere with the resolution of the issue filed in the first court.'" *Id.*, quoting *Davis v. Cowan Sys.,* 8th Dist. Cuyahoga No. 83155, 2004-Ohio-515.

{¶26} In *Caron v. Manfresca*, 10th Dist. Franklin No. 02AP-471, 2002-Ohio-6027, the Tenth District affirmed the trial court's motion to dismiss because the appellant's claims involved matters relating to parentage, which was within the exclusive jurisdiction of the domestic relations division and not the general division of the court of common pleas. *Id.* at ¶13. The court noted that the trial court erred by considering matters outside of the complaint and discussing principles of res judicata/collateral estoppel, which was not appropriate for a motion to dismiss, but nonetheless affirmed the trial court's judgment because one did not need to base a determination on matters outside of the complaint to see that the allegations of the complaint concerned a case in a court of different jurisdiction. *Id.* at ¶9, ¶13. Similarly here, one need not go beyond the allegations of fraud and abuse of process in Mr. Lanza's complaint to determine these are claims on which the trial court cannot grant relief since they solely concern the parties' ongoing divorce case in a different court in a different county.

{¶27} Most cogent to this matter is the case of *Buckingham v. Buckingham*, 2d Dist. Greene No. 2017-CA-41, 2018-Ohio-2038. There, the appellant/ex-wife appealed the dismissal of her tort action against her ex-husband wherein she made allegations of fraudulent concealment and spoliation of evidence that occurred in the parties' divorce case. *Id.* at ¶1, ¶3. The Second District determined that the damages the appellant was seeking would effectively modify the relief that was granted by the domestic relations division in the divorce decree. *Id.* at ¶8. The court held that the appellant's lawsuit was

8

an "improper collateral attack on the divorce decree, that the domestic relations division has exclusive statutory jurisdiction over the subject matter of [the appellant's] complaint, and that [the appellant's] only potential remedy is a Civ.R. 60(B) motion in the domestic relations division." *Id.*.

{¶28} The Second District also rejected appellant's argument that she could not bring a Civ.R. 60(B) motion in the domestic relations court because the time for doing so had expired – just because Civ.R. 60(B) relief was potentially unavailable did not create jurisdiction in another court. "If the rule were otherwise, a plaintiff could vitiate Civ.R. 60(B) and circumvent its time bar by seeking similar relief in the general division, which is what [the appellant] essentially is trying to do." *Id.* at ¶9.

{¶29} Similarly, nothing prevents Mr. Lanza from filing a motion for relief from judgment pursuant to 60(B) in the parties' ongoing divorce case in order to pursue a remedy for Ms. Lanza's alleged fraud and abuse of process in those proceedings. *See also Dzina*, *supra*, at ¶13 (a ruling from the general division may affect or interfere with the resolution of the parties' divorce action that is currently before the Domestic Relations Court).

{¶30} Mr. Lanza's first and second assignments of error are without merit.

{¶31} The judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,
MATT LYNCH, J., dissents with a Dissenting Opinion.

9

_____

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶32} I dissent from the majority's conclusion that the matters in Franklin's complaint were not properly before the common pleas court and that only the domestic relations court has jurisdiction to hear these issues. Since the complaint sets forth tort claims rather than matters more properly reserved to the jurisdiction of domestic relations courts, dismissal at this stage of the litigation is improper.

{¶33} The majority concludes that since the issues raised relate to the divorce and protection order proceedings in the domestic relations court, the court of common pleas lacks subject matter jurisdiction and Franklin's concerns can be properly raised through a Civ.R. 60(B) motion in the domestic relations court. This is not supported by the facts or law in the present circumstances and oversimplifies the issue in this case. While it is accurate that a domestic relations court has jurisdiction over issues relating to the divorce and the merits of divorce and custody matters, Franklin has alleged separate tort claims, the resolution of which would not interfere with any judgments or decisions made in the divorce proceedings.

{¶34} As an initial matter, as set forth in Franklin's complaint, the domestic relations court did not take the facts alleged here into account when reaching its decision in the divorce proceedings. Franklin's complaint alleged that Michelle's plan to make claims of abuse to remove him from the house, thereby hiding from him an alleged abortion and affair, constituted an act of deception. The complaint further alleged that evidence of this plan "eventually was discovered by Plaintiff, thereby bringing her actions and intent into clear focus for the first time in more than three (3) years." In other words,

10

Franklin claimed that he was unaware of these facts during the prior proceedings that began in August 2016 and concluded in the first half of 2019 with the divorce and consent agreement. Accepting these allegations as true, the fraud and abuse of process alleged, making false or exaggerated claims to achieve a restraining order and prevent Franklin's access to the home to cover up an abortion, were unknown to him at the time of the underlying proceedings and could not have been raised or decided by the trial court.

{¶35} The foregoing is significant when considered in conjunction with the relief being sought by Franklin. Significantly, a Civ.R. 60(B) motion could not provide the necessary relief requested, thereby leaving Franklin with no remedy under the majority's holding. Even presuming that the facts alleged presented grounds to grant Civ.R. 60(B) relief, Franklin requests compensatory and punitive damages through claims for fraud and abuse of process for being unable to live in his home and time missed with his children during the duration of the restraining order. This would not, and could not, be remedied by vacating the judgment granting the divorce, as this would neither provide the type of relief requested nor the proper forum for such relief. "'[A] domestic relations forum is not the proper forum in which to litigate a tort claim.'" *Davis v. Spriggs*, 5th Dist. Delaware No. 09CAE090082, 2010-Ohio-5802, ¶ 31, citing *Koepke v. Koepke*, 52 Ohio App.3d 47, 49, 556 N.E.2d 1198 (6th Dist.1989). "[I]t is inconsistent to combine intentional tort claims with divorce actions since a party to a divorce cannot recover damages." *Koepke* at 48; *Howard v. Pharis-Rine*, 5th Dist. Licking No. 08 CA 00114, 2009-Ohio-3981, ¶ 16 (a domestic relations court does not have jurisdiction to award damages, which is the "main objective behind tort litigation"); *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-53, 2016-Ohio-5264, ¶ 27. Thus, the proper method to obtain the relief sought was

11

through the present proceedings initiated by Franklin. Franklin is not seeking the relief available under a Civ.R. 60(B) motion, a critical distinction which the opinion fails to recognize.

{¶36} In support of its conclusion that the domestic relations court alone has jurisdiction over these issues, the majority emphasizes the principle that a court of concurrent jurisdiction should not "interfere" with the decision of the first court and concludes that only the domestic relations court has jurisdiction to "make determinations that would directly impact and concern the parties' domestic relations case." *Supra* at ¶ 20. There can be no interference if the common pleas court decides this issue because 1) there was no decision made by the domestic relations court on this issue with which to interfere and 2) damages for intentional torts cannot be recovered in domestic relations courts as discussed above. The majority fails to explain how awarding monetary damages for harm caused to Franklin by Michelle's actions interferes with the domestic relations court's jurisdiction. It would merely compensate Franklin for harm he was caused and would not change the rights and obligations of the parties in relation to the divorce, property disposition, custody, or any other matters properly reserved to the jurisdiction of such a court. Indeed, Franklin acknowledges that he is not seeking to vacate or change the entry of divorce or alter its terms in any way.

{¶37} A distinction must be made between cases where Civ.R. 60(B) relief in the domestic relations court is the only possible remedy and those where a separate civil suit can be maintained. The case law cited by the majority to support the conclusion that the domestic relations court alone has jurisdiction is factually distinguishable and inapplicable to the present circumstances. In *Caron v. Manfresca*, 10th Dist. Franklin No. 02AP-471,

12

2002-Ohio-6027, the appellate court determined the common pleas court had no jurisdiction to hear a complaint for various torts relating to the obligation to pay child support. This conclusion arose from its determination that the claims asserted by appellant related to parentage, a matter of exclusive jurisdiction for the domestic relations court. *Id.* at ¶ 13. The claim in *Caron* was an issue clearly within the purview of a domestic relations court. Here, Franklin is not attacking a determination made by the trial court regarding the divorce, distribution of property, child custody, or any matter rightfully determined solely by a domestic relations court. Rather, he is asking for compensation for harm caused by Michelle's allegedly improper actions, relief which cannot be granted by a Civ.R. 60(B) motion and does not necessarily, based on the facts known at this early stage of the proceedings, require the common pleas court to rule directly on issues reserved to or already decided by the domestic relations court. Similarly, *Buckingham v. Buckingham*, 2018-Ohio-2038, 113 N.E.3d 1093 (2d Dist.), where the appellant argued that "she has been deprived of a share of her husband's hidden funds, which were not divided," also involved a situation where the domestic relations court had to exercise jurisdiction because "the damages [appellant] seeks effectively would modify the relief that was granted by the domestic relations division in the divorce decree (to wit: its property division)." *Id.* at ¶ 8. It is inapplicable here for the same reasons outlined above.

{¶38} At the very least, this matter should have proceeded beyond the Civ.R. 12(B)(6) stage. Given the allegations demonstrating that the claims were based on recently discovered information and to allow a fair determination of how these issues related to those addressed in the domestic relations proceedings, it was necessary to allow Franklin to conduct discovery and present evidence. It is impossible to simply look

13

at the complaint and judgment entries from the divorce proceedings and conclude that the issues raised are ones that could only be resolved by the domestic relations court since the evidence has not even been fully developed.

{¶39} Under the majority's decision, a spouse could dishonestly seek a restraining order and deprive a parent from time with his or her children without any real means of compensation for such action. Vacating the divorce decree could not provide relief or compensation for the injuries that would be suffered as a result of such conduct. Dismissal will very likely leave Franklin without any alternative means to obtain the relief he seeks. Franklin was denied the opportunity to obtain discovery and present the evidence to demonstrate his case and show that this issue could not have been raised in prior proceedings. Dismissing this case at such an early stage was premature.

{¶40} For the foregoing reasons, and to allow Franklin a fair opportunity to demonstrate the merits of his action, I respectfully dissent and would reverse the dismissal of Franklin's complaint.