OPINION
{¶ 1} Plaintiff-appellant, Tony Van Hoose ("Appellant"), appeals the January 8, 2004 judgment of the Hardin County Common Pleas Court, holding that Appellant could not recover previously paid child support under R.C. 3119.96 et seq.
 {¶ 2} Appellant was previously married to Appellee, Anna Lee Brown. They were divorced on December 31, 1984. One child had been born of the marriage, Misty Lee Van Hoose, and another child, Jason Dale Van Hoose, had been conceived prior to the divorce. Jason was born May 23, 1985. At the time of the divorce, Appellant did not challenge paternity, and in fact had no reason to believe he was not the father of Jason. Consequently, the court found that Jason Dale Van Hoose was the child of Appellant. Based upon that finding, the court ordered child support and that support was paid. Appellant did not file a Rule 60(B) motion for relief from the judgment.
 {¶ 3} However, Appellant is not in fact Jason's biological father. Apparently, Appellant was first told by his daughter of the possibility that he was not Jason's father sometime in 1994. After learning that he had reason to question paternity, Appellant filed a motion to modify child support in 1995, and requested genetic testing to determine whether he was Jason's father. The issue of paternity was heard by the Magistrate, who found that the issue was barred by the doctrines of res judicata and collateral estoppel. Specifically, the Magistrate found that because Appellant had been previously adjudicated the father of Jason, the issue of paternity could not be raised in a subsequent proceeding. Neither party appealed the Magistrate's decision.
 {¶ 4} On March 22, 2001 Senate Bill 180 went into effect, codified under R.C. 3119.96 et seq. The statute permits individuals in child support proceedings to challenge a prior paternity adjudication. R.C. 3119.961. The individual may obtain relief from a final judgment determining he is the father of the child at issue if genetic test results affirmatively demonstrate that there is a zero percent chance that he is the father. R.C.3119.962(A)(1)(a).[1]
 {¶ 5} In 2001, Appellant filed an action pursuant to R.C.3119.961 seeking to obtain relief from the final judgment adjudicating him to be the father of Jason Dale Van Hoose. The court ordered genetic testing, and the results of said testing indicated that Appellant was not the father of Jason Dale Van Hoose. Thereafter, the parties negotiated a settlement whereby the court ordered that Appellant's child support payments be terminated. The court dismissed Appellant's complaint for relief from final judgment pursuant to Civil Rule 41.
 {¶ 6} In 2003, Appellant filed the present action seeking to recover the past child support payments paid pursuant to the 1984 child support order. After a bench trial, the court denied Appellant recovery, holding that Appellant's only recourse was to obtain relief from the child support order pursuant to either R.C. 3119.961 or Civil Rule 60(B). The lower court held that R.C.3119.961 did not provide for the relief sought, and that Civil Rule 60(B) prohibited Appellant from obtaining relief from the judgment after one year. Appellant appeals from this decision, asserting the following two assignments of error:
The trial court committed error in not granting Appellant'smotion for summary judgment.
 The trial court committed error when it did not grant judgmentin favor of the Appellant as the ruling was against the weight ofthe evidence and contrary to law.
 {¶ 7} Issues of child support are reviewed under an abuse of discretion standard. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390, 686 N.E.2d 1108, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Appellant argues that R.C. 3119.96 et seq. permits actions to recover monies paid pursuant to a child support order. We note at the outset that the statute itself does not affirmatively provide for a right to recover monies already paid pursuant to a child support order. Because the statute does not expressly provide for the ability to recover monies previously paid, it is presumed to operate prospectively only. R.C. 1.48 ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").
 {¶ 9} Although R.C. 3119.962 does not expressly provide for a right to recover money previously paid in child support, the language of R.C. 3119.964 appears to allow for separate actions to recover previously paid support. R.C. 3119.964 provides in pertinent part:
(B) If a court grants relief from a child support orderpursuant to section 3119.962 of the Revised Code and supportarrearages are owed, the court may issue an order canceling thatarrearage. Nothing in this section limits any actions that maybe taken by the person or male minor granted relief under thissection to recover support paid under the child support orderfrom which relief was granted.
Id. (emphasis added). By this language, the legislature left open the possibility of recovering past child support payments in R.C. 3119.964, but did not provide for a mechanism of recovery. Because the statutory scheme does not expressly provide for a right to recover previously paid child support, Appellant must demonstrate that he has a legal right to recover outside of the statute.
 {¶ 10} Appellant asserts several theories for recovery of the past child support payments, including causes of action for money had and received and money paid under mistake of fact. His argument for recovery rests on the proposition that R.C. 3119.964
allows an adjudicated father to recover monies paid in past child support under a common law cause of action whenever that person has obtained relief from the child support order pursuant to R.C.3119.962. He further argues that he need only demonstrate through genetic testing that he is not Jason Dale Van Hoose's biological father to be entitled to the relief he seeks.
 {¶ 11} In our view, the fact that the monies were paid under a lawful court order is fatal to the causes of action Appellant has asserted in his Complaint. Simply put, all of Appellant's theories of recovery require that the other party had no legal right to obtain the money. For example, the test for a right of recovery under a "money paid under mistake of fact" cause of action is whether the other party has a right to retain the money. Firestone Tire Rubber Co. v. Central Nat. Bank ofCleveland (1953), 159 Ohio St. 423, at ¶ 5 of the syllabus. "If the money belongs to the payer and the payee can show no legalor equitable right to retain it he must refund it." Id. There is no question that a legal right existed to receive and retain the child support payments since they were made pursuant to a court order. Therefore, without vacating the court order Appellant would be unable to recover under this theory.
 {¶ 12} In order to protect the finality and sanctity of prior adjudications, Civil Rule 60(B) provides the only means of obtaining the relief from a judgment, which appellant must establish in order to recover the support already paid in this case. Cale Products, Inc. v. Orrville Bronze Aluminum Co.
(1982), 8 Ohio App.3d 375, 457 N.E.2d 854. Courts are powerless to suspend or vacate a judgment unless they strictly comply with the rule. Id. The underlying purpose of Civil Rule 60 is "to strike a balance between the ideas that it is desirable to bring an end to litigation and to see justice done." Brown v. AkronBeacon Journal Publishing Co. (1991), 81 Ohio App.3d 135,610 N.E.2d 507. There are two competing values at stake: finality of judgments and perfect justice. As the Ohio Supreme Court has indicated:
Finality requires that there be some end to every lawsuit,thus producing certainty in the law and public confidence in thesystem's ability to resolve disputes. Perfection requires thatevery case be litigated until a perfect result is achieved. Forobvious reasons, courts have typically placed finality aboveperfection in the hierarchy of values.
 Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144,493 N.E.2d 1353. The need to protect the finality and sanctity of judgments is what distinguishes the relief authorized by R.C. 3119.961 from the relief sought by Appellant.
 {¶ 13} In sum, R.C. 3119.96 et seq. does not provide a right to recover monies paid pursuant to a child support order; it merely allows a court to cancel prospective child support payments if under certain circumstances the adjudicated father can demonstrate through genetic testing that he is not the biological parent. This is consistent with the court's continuing jurisdiction and inherent authority to re-examine a support obligation in light of changed circumstances and to modify child support obligations prospectively. Appellant cannot so readily recover monies previously paid pursuant to the child support order because the child has an adjudicated right to those payments. Specifically, recovery of support monies already paid affects the substantive right of the child to the support of the individual previously adjudicated as the parent of the child.
Thus, in order to recover the monies paid pursuant to the child support order, Appellant must obtain relief from the judgment itself.
 {¶ 14} As noted by the trial court, the only way currently available under Ohio law to obtain the necessary relief from this judgment is to file a motion to vacate the judgment under Civil Rule 60(B). The rule provides:
(B) Mistakes; inadvertence; excusable neglect; newlydiscovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 15} We concur with the ruling of the trial court that Appellant is prohibited from obtaining relief under the rule, because the one year period governing all of the grounds applicable to this case has passed. See Civ.R. 60(B)(1)-(3). The claims Appellant asserts are couched in terms of fraud or misrepresentation on the part of the mother, and are based on newly discovered evidence — namely, the genetic test results. This places them squarely into categories (2) and (3). Section (4) is not applicable to this case, because the original judgment finding Appellant to be the father of Jason has not been reversed or vacated. In addition, section (5) is not available to Appellant as a substitute for the more specific provisions in sections (1)-(3). Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 67 ("[Civ.R. 60(B)(5) should not] be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)."); see also Hardman v. Chiaramonte (1987),39 Ohio App.3d 9, 11. Relief under section (5) is therefore not available, because Appellant's claims fall under sections (2) and (3). There is no other reason alleged by appellant justifying relief apart from the newly discovered evidence or Anna's alleged misrepresentations that Appellant was Jason's father. Consequently, because Appellant failed to pursue his specific actions for retroactive relief within even one year of the discovery of their existence, such relief is not available under Civ.R. 60(B). For all of these reasons, it is our conclusion that the trial court did not abuse its discretion in ruling that Appellant was precluded from recovering under any of the causes of action asserted in his complaint. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp and Rogers, JJ., concur.
[1] We note that the constitutionality of R.C. 3119.96 et seq. has been called into question. Ohio Courts of Appeals have previously found that the statute is unconstitutional.Poskarbiewicz v. Poskarbiewicz (2003) 152 Ohio App.3d 307,2003-Ohio-1626, ¶ 20; Van Dusen v. Van Dusen (2003),151 Ohio App.3d 494, 2003-Ohio-350, ¶ 18. However, the constitutionality of the statute has not been called into question in this case, and we have no cause to address those issues here.