OPINION
This matter is before the Court on the Notice of Appeal of Steven R. Stairwalt, filed September 7, 2007. In 1994, Stairwalt, then living in Illinois, was in a relationship with Trisha Newland, who lived in Ohio. Newland learned she was pregnant, and she gave birth to a son in July, 1994. The parties were married in 1995. On December 31, 1996, the marriage was *Page 2 
terminated by decree of dissolution, and Stairwalt became subject to a child support obligation. Subsequent genetic testing revealed that Stairwalt is not the biological father of Newland's son. Stairwalt filed a motion to terminate child support, which the Magistrate granted on December 19, 2005. On May 31, 2006, Stairwalt filed a Motion for Relief from Judgment pursuant to R.C. 3119.961 and/or Civ. R. 60(B)(5), seeking reimbursement of $31,971.84 that he paid Newland in child support. According to Stairwalt, Newland lied about his paternity to him and to the court, and her conduct constituted fraud and a fraud upon the court. On February 20, 2007, after a hearing, the Magistrate issued a Decision overruling Stairwalt's motion, and Stairwalt filed timely objections. The trial court overruled Stairwalt's objections and adopted the decision of the Magistrate.
 {¶ 1} In overruling Stairwalt's objections, the trial court initially found that "the doctrine of separation of powers is not violated by R.C. 3119.961 et seq. and that these statutes are constitutional." In reliance upon Van Hoose v. Brown, Hardin App. No. 6-04-02,2004-Ohio-4701, the court further determined that, while R.C. 3119.961
et seq. allow a court to terminate prospective child support payments where the obligor establishes, through genetic testing, that he is not the child's biological father, those statutes do not provide a means for recovery of money already paid pursuant to the child support order. The court determined that Civ. R. 60(B) provides the only means for such relief under Ohio law.
 {¶ 2} The court concluded, Stairwalt's "Civ. R. 60(B) motion was not filed within a reasonable time. Further, the Court finds that Civ. R. 60(B)(5) is inapplicable to the present case, as [Newland's] conduct did not constitute a fraud upon the Court, and the `catch all' provision of Civ. R. 60(B)(5) may not be used as a substitute for one of the more specific provisions contained in Civ. R. 60(B). *Page 3 
 {¶ 3} "Additionally, the Court finds that the evidence presented demonstrates numerous factors that may have led [Stairwalt] to question whether he was the only possible father of the child. [Stairwalt] was not without opportunity to discover the truth through genetic tests at an earlier period of time."
 {¶ 4} Stairwalt asserts one assignment of error as follows:
 {¶ 5} "A DECREE OF DISSOLUTION OF MARRIAGE THAT ERRONEOUSLY ENTERS CUSTODY AND CHILD SUPPORT ORDERS FOR A CHILD NOT OF THE PARTIES IS SUBJECT TO RELIEF FROM JUDGMENT PURSUANT TO OHIO CIV. R. 60(B)(5) AND OHIO REVISED CODE sec. 3119.964(B) ESPECIALLY WHEN RELIEF HAD ALREADY BEEN GRANTED AS TO THE ISSUE OF PARENTAGE (JUDGMENT ENTRY DATED AUGUST 10, 2007)."
 {¶ 6} "An `abuse of discretion' standard * * * is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. (Internal citation omitted). Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. * * *
 {¶ 7} "`An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Internal citation omitted). When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court.'" (Internal citation omitted). Sebafy, Shillito Dyer, *Page 4 
Montgomery App. No. 21711, 2007-Ohio-4725.
 {¶ 8} Stairwalt argues, "Ohio Revised Code sec. 3119.964 specifically permits an application to be made to the trial court for purposes of recovering support that was previously paid stemming from an order from which relief was granted." Stairwalt further argues, "courts have made it very unequivocally clear that if the requirements of the dissolution statute have not been satisfied, Civ. R. 60(B)(5) relief is proper; even if the fact is ascertained even after one year has elapsed from the date of the final hearing," in reliance upon Zulli v. Zulli (Jan. 9, 1992), Cuyahoga App. No. 61702 and Kelly v. Nelson (Dec. 29, 1992), Franklin App. No. 92AP-1014.
 {¶ 9} Newland responds, "Ohio Revised Code 3119 does not provide a means for recovery of monies paid for child support. In addition, case law has emphasized that this statute cannot be used for recovery of monies paid for child support. Likewise, Mr. Stairwalt's action based upon fraud must fail as it was not filed within one year as required by Civil Rule 60(B)(3). Even if the Court were to entertain this filing under Civil Rule 60(B)(5), it will also fail for not having been filed within a reasonable time frame."
 {¶ 10} Stairwalt replies that R.C. 3119.961et seq. created a "fundamental right" for a "determination as to the issue of parentage * * * and set forth the fact that child support erroneously paid could be recouped."
 {¶ 11} R.C. 3119.961(A) provides, "Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person or a male minor referred to in division (B) of section 3109.19 of the Revised Code is the father of a child from a child support order under which the person or male minor is the obligor." *Page 5 
 {¶ 12} R.C. 3119.964(B) provides, "If a court grants relief from a child support order pursuant to section 3119.962 of the Revised Code and support arrearages are owed, the court may issue an order cancelling that arrearage. Nothing in this section limits any actions that may be taken by the person or male minor granted relief under this section to recover support paid under the child support order from which relief was granted."
 {¶ 13} Civ. R. 60(B) provides in relevant part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic) * * * (5) any other reason justifying relief from the judgment." "To prevail on a motion pursuant to Civ. R. 60(B), a movant must establish that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief pursuant to 60(B)(1) — (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ. R. (60)(B)(1), (2) or (3), not more than one year after the judgment or proceeding was entered or taken." GTE Automatic Elec. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, 150-51, 351 N.E.2d 113. All three requirements must be met. Id., at 151.
 {¶ 14} "Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. (Internal citations omitted). Nor should Civ. R. 60(B)(5) be used as a substitute for any of the other more specific provisions of Civ. R. 60(B)." Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64, 448 N.E.2d 1365. A court may "utilize this provision to vacate a judgment vitiated by a fraud upon the court. Fraud upon the court differs from Rule 60(B)(3) fraud or misrepresentation by an adverse party. Fraud upon the court might include, for example, the bribing of a juror, not by the adverse party, but by some third person." Staff Note, Civ. R. 60(B); Hartford v. Hartford (1977), *Page 6 53 Ohio App.2d 79, 371 N.E.2d 591 ("While no precise definition of fraud upon the court is possible, we believe, like most courts considering the matter, that the term as used in regard to obtaining relief from judgment must be narrowly construed to embrace only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding cases presented in an impartial manner"); Lewis v. Blair (1996), 110 Ohio App.3d 342,674 N.E.2d 402 ("A party cannot convert a Civ. R. 60(B)(3) motion into a Civ. R. 60(B)(5) motion merely by characterizing conduct as fraud upon the court").
 {¶ 15} Having thoroughly reviewed the record, we see no abuse of discretion. R.C. 3119.961(A) authorizes relief from a final judgment that determines that an obligor is the father of a child for purposesof prospective child support payments. Van Hoose, ¶ 8. ("We note at the outset that the statue itself does not affirmatively provide for a right to recover monies already paid pursuant to a child support order. Because the statute does not expressly provide for the ability to recover monies previously paid, it is presumed to operate prospectively only. R.C. 1.48 (`A statute is presumed to be prospective in its operation unless expressly made retrospective.')"
 {¶ 16} Further, while R.C. 3119.964 expressly leaves open the possibility for "any other actions * * * to recover support paid under the child support order from which relief was granted," the statute does not "provide for a mechanism of recovery." Van Hoose, ¶ 9.
 {¶ 17} We agree with the Van Hoose court that, since "a legal right existed to receive and retain the child support payments * * * pursuant to a court order," the court order must be vacated to permit Stairwalt to recover, and "Civil Rule 60(B) provides the only means of obtaining the relief from a judgment, which appellant must establish in order to recover the support already paid in this case." Id., ¶ 11-12. Stairwalt has not demonstrated the type of fraud *Page 7 
upon the court contemplated by Civ. R. 60(B)(5), and the catch all provision is accordingly not available to him. Stairwalt's allegations of fraud implicate Civ. R. 60(B)(3), and since Stairwalt's May 31, 2006 motion, that addressed a court order dated December 31, 1996, was untimely, the trial court properly overruled it.
 {¶ 18} As did the trial court, we note that Stairwalt does "not cite any authority on the issue relating to paternity determinations" for the proposition that Civ. R. 60(B)(5), and not Civ. R. 60(B)(3), is the appropriate means of relief. At issue in the cases relied upon by Stairwalt is the failure to disclose marital assets, and not reimbursement for child support previously paid, and the cases have no application to the matter herein. In Zulli, at issue was money received post-decree from a previously undisclosed profit-sharing plan of Mr. Zulli's former employer. Ms. Zulli, who did not allege fraud, filed a motion for relief from judgment over a year after the final decree, pursuant to Civ. R. 60(B)(5). The trial court order sustaining the motion and vacating the divorce decree was affirmed on appeal. In Kelly v.Nelson, Nelson's insurance agency was omitted from the assets subject to division in the separation agreement, and Kelly, who did not allege fraud, filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5). The trial court sustained the motion, citing "equitable considerations" as well as authority for the proposition that "the omission of an asset from the statement required under Loc. R. 17 of the Domestic Relations Court in a dissolution proceeding may be sufficient grounds for setting aside the judgment." The trial court's judgment was affirmed on appeal.
{¶ l9} Since Stairwalt's motion alleging fraud was properly brought under Civ. R. 60(B)(3), and since it was untimely, Stairwalt's assignment of error is overruled, and the judgment of the trial court is affirmed. *Page 8 
GRADY, J. and GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Harold R. Kemp
Gregory K. Lind
 Hon. Roger B. Wilson *Page 1