[Cite as *Dorsey v. Henry*, 2022-Ohio-2023.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                           )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

| | |
|---|---|
| DARYL D. DORSEY | C.A. No.    29936 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RENITA R. HENRY (KNOX) | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    CV-2020-08-2402 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2022

HENSAL, Presiding Judge.

{¶1} Daryl Dorsey appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} According to Mr. Dorsey, Renita Henry represented to him that he was the father of her son. The parties were not married, and the Summit County Court of Common Pleas, Domestic Relations Division ("the DR Court") ordered Mr. Dorsey to pay child support in case number DR-2010-11-3312. After Ms. Henry's son became an adult, genetic testing confirmed that Mr. Dorsey was not her son's biological father. The DR Court subsequently ordered the Child Support Enforcement Agency to stop collecting any arrearages in child support, and to return any payments held in escrow to Mr. Dorsey.

{¶3} Mr. Dorsey filed a "complaint for fraud" against Ms. Henry on August 31, 2020, in the Summit County Court of Common Pleas, General Division ("the General Division"). In it,

Mr. Dorsey alleged that Ms. Henry committed fraud by claiming he was the father of her now-adult son, which resulted in Mr. Dorsey paying child support in excess of $15,000. The complaint alleged that Ms. Henry knew her representation to Mr. Dorsey that he was the father of her child was false, that she intended for Mr. Dorsey to rely upon her false representation so that he would pay child support, and that he relied upon her false representation to his detriment. The complaint concluded that Ms. Henry is liable for losses Mr. Dorsey suffered, including compensatory damages, punitive damages, attorneys' fees, pre-judgment interest, post-judgment interest, and costs. Notably, at the time Mr. Dorsey filed his complaint in the General Division, he had not moved the DR Court to vacate the child support order.[1]

{¶4} Ms. Henry moved to dismiss the complaint for lack of subject matter jurisdiction. She asserted that the DR Court had exclusive jurisdiction over Mr. Dorsey's claim under Revised Code Section 2301.03(I)(1) and that, even if the General Division had concurrent jurisdiction, the jurisdictional-priority rule applied in favor of the DR Court having jurisdiction.

{¶5} Mr. Dorsey opposed Ms. Henry's motion, arguing that the underlying domestic relations case had been resolved, and that the DR Court no longer had jurisdiction over the matter. He asserted that his fraud claim was separate and apart from the issues before the DR Court, and that he properly brought his complaint in the General Division. He also asserted that he was seeking punitive damages, which were not available in the DR Court. In the alternative, he requested that the General Division transfer the case to the DR Court, where his complaint could be converted to a motion for relief from judgment.

---

[1] After the filing of this appeal, Mr. Dorsey filed a motion to vacate in the DR Court. The DR Court set the matter for a hearing, but later placed the case on its inactive docket pending the resolution of this appeal.

**{¶6}** The General Division granted Ms. Henry's motion to dismiss. In doing so, the General Division concluded that "[t]he core of the claims in Mr. Dorsey's complaint * * * stem from the parentage and court ordered child support, both of which are within the exclusive jurisdiction of the [DR Court]." It explained that Mr. Dorsey's requested relief was a return of the child support money he paid under the DR Court's child support order, and that it could not issue an order that would alter that order. It also explained that, prior to filing his fraud complaint in the General Division, Mr. Dorsey filed a motion in the DR Court wherein he alleged that Ms. Henry had misrepresented to him that he was the father of her son, and requested reimbursement for the child support he had paid.

**{¶7}** In support of its decision, the General Division primarily relied upon *Lanza v. Lanza*, 11th Dist. Geauga No. 2020-G-0244, 2020-Ohio-6805. In *Lanza*, the Eleventh District Court of Appeals affirmed the general division's dismissal of a complaint for fraud and abuse of process. *Id.* at ¶ 1-4. The Eleventh District concluded that the complaint was an attempt to relitigate claims from the parties' underlying divorce action, and that "[o]nly the domestic relations court * * * has jurisdiction to make determinations that would directly impact and concern the parties' domestic relations case." *Id.* at ¶ 20.

**{¶8}** The General Division also briefly cited *Caron v. Manfresca*, 10th Dist. Franklin No. 02AP-471, 2002-Ohio-6027 and *Buckingham v. Buckingham*, 2d Dist. Greene No. 2017-CA-41, 2018-Ohio-2038, noting that both cases involved appellate courts affirming the general divisions' dismissal of fraud claims stemming from domestic relations matters for a lack of subject matter jurisdiction. The General Division concluded that, like *Lanza*, *Caron*, and *Buckingham*, Mr. Dorsey raised claims that stemmed from the underlying domestic relations case, which it did not have subject matter jurisdiction to hear.

{¶9} Mr. Dorsey now appeals, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING DISMISSAL PURSUANT TO CIVIL RULE 12(B)(1).

{¶10} In his first assignment of error, Mr. Dorsey argues that the General Division erred when it granted Ms. Henry's motion to dismiss the complaint for lack of subject matter jurisdiction. He asserts that this is an issue of first impression in this Court, but that other courts and Ohio's statutory law supports his position that the General Division does have subject matter jurisdiction over his complaint for fraud.

{¶11} "Subject matter jurisdiction pertains to the power of a court to hear a cause of action[.]" *Ball v. Meier*, 9th Dist. Summit Nos. 26079, 26109, 2012-Ohio-5864, ¶ 13. "A defendant may seek the dismissal of any claim for lack of subject matter jurisdiction under Civ.R. 12(B)(1)." *Romano Constr., L.L.C. v. B.G.C., L.L.C.*, 9th Dist. Summit No. 26469, 2013-Ohio-681, ¶ 6. "[A] motion filed pursuant to Civ.R. 12(B)(1) requires a trial court to determine whether 'any cause of action cognizable by the forum has been raised in the complaint.'" *Mullaji v. Mollagee*, 9th Dist. Lorain No. 19CA011593, 2020-Ohio-4618, ¶ 9, quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). In considering such a motion, the "trial court is not confined to the allegations of the complaint * * *, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. This Court's review of a motion to dismiss under Rule 12(B)(1) is de novo, meaning "this Court gives no deference to the trial court's legal determinations." *DMC, Inc. v. SBC Ameritech*, 9th Dist.

Summit No. 22926, 2006-Ohio-2970, ¶ 7; *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 33.

{¶12} Section 2301.03(I)(1), which is specific to Summit County, defines the jurisdiction of the DR Court. It provides, in relevant part, that "[e]xcept in cases that are subject to the exclusive original jurisdiction of the juvenile court, the judges of the division of domestic relations shall have assigned to them and hear all cases pertaining to * * * child support, * * * and all post-decree proceedings arising from any case pertaining to any of those matters." R.C. 2301.03(I)(1). On appeal, Mr. Dorsey asserts that the General Division had jurisdiction over his complaint because Section 3119.964(B) specifically provides that, when a child support obligor obtains relief from a child support order, "[n]othing in this section limits any actions that may be taken by the person or male minor granted relief under this section to recover support paid under the child support order from which relief was granted." He asserts that his fraud complaint was just that: an action to recover support paid under the child support order from which he obtained relief.

{¶13} Mr. Dorsey has not directed this Court to any case law wherein a child support obligor has used Section 3119.964(B) to pursue a tort claim in the general division of the common pleas court, seeking to recover past child support payments. This Court's research indicates that there is little case law on this issue.

{¶14} The Third District Court of Appeals analyzed Section 3119.964(B) in *Van Hoose v. Brown*, 3d Dist. Hardin No. 6-04-02, 2004-Ohio-4701. There, genetic testing confirmed that a child for whom Mr. Van Hoose had been ordered to pay child support was not his biological child. *Van Hoose* at ¶ 2, 5. Mr. Van Hoose filed an action seeking to recover past child support payments but was denied relief when the trial court concluded that Mr. Van Hoose's only recourse was to

obtain relief from the child support order itself. *Id.* at ¶ 6. He appealed, and the Third District Court of Appeals affirmed the trial court's decision. *Id.* at ¶ 15.

{¶15} In affirming the trial court's decision, the Third District addressed Mr. Van Hoose's argument that Section 3119.96 et seq. permitted actions to recover past child support payments. *Id.* at ¶ 8. It explained that the language used in Section 3119.964(B) ("Nothing in this section limits any actions that may be taken by the person or male minor granted relief under this section to recover support paid under the child support order from which relief was granted.") indicated that "the legislature left open the possibility of recovering past child support payments * * *, but did not provide for a mechanism of recovery." *Id.* at ¶ 9. It also explained that, "[b]ecause the statutory scheme does not expressly provide for a right to recover previously paid child support, [Mr. Van Hoose] must demonstrate that he has a legal right to recover outside of the statute." *Id.*

{¶16} The *Van Hoose* court reasoned that, if child support was paid pursuant to a lawful court order, then a legal right existed to receive and retain those payments, even if genetic testing subsequently confirmed that Mr. Van Hoose was not the child's biological father. *Id.* at ¶ 10-11. It also reasoned that, without vacating the child support order, Mr. Van Hoose could not pursue recovery of his past child support payments. *Id.* at ¶ 13-14. It concluded that "Civil Rule 60(B) provides the only means of obtaining the relief from a judgment, which appellant must establish in order to recover the support already paid[.]" *Id.* at ¶ 12.

{¶17} The Second District followed *Van Hoose* in *Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30, 2008-Ohio-2597. Like Mr. Van Hoose, Mr. Stairwalt sought to recover past child support payments after genetic testing confirmed that he was not the biological father of the child for whom he had been ordered to pay child support. *Id.* at ¶ 1. The trial court "determined that, while R.C. 3119.961 et seq. allow a court to terminate prospective child support

payments where the obligor establishes, through genetic testing, that he is not the child's biological father, those statutes do not provide a means for recovery of money already paid pursuant to the child support order." *Id.* Following *Van Hoose*, the trial court "determined that Civ.R. 60(B) provides the only means for such relief under Ohio law." *Id.* The Second District affirmed the trial court's decision, stating that "[w]e agree with the *Van Hoose* court that, since 'a legal right existed to receive and retain the child support payments * * * pursuant to a court order,' the court order must be vacated to permit Stairwalt to recover, and 'Civil Rule 60(B) provides the only means of obtaining the relief from a judgment, which appellant must establish in order to recover the support already paid in this case.'" *Id.* at ¶ 17, quoting *Van Hoose* at ¶ 11-12.

{¶18} This case law highlights the fact that Mr. Dorsey's argument under Section 3119.964(B) necessarily implicates the child support order. Under Section 2301.03(I)(1), the DR Court has exclusive jurisdiction to hear all cases pertaining to child support.[2] *See Kennedy v. Dottore*, 8th Dist. Cuyahoga No. 108562, 2020-Ohio-3451, ¶ 1, 19, 27 (affirming the general division's dismissal of the plaintiff's complaint for fraud for lack of subject matter jurisdiction because the complaint "directly correlate[d] to the divorce proceeding," and was an "impermissible collateral attack on the divorce decree."); *Lanza*, 2020-Ohio-6805, at ¶ 3, 20 (affirming the general division's dismissal of the plaintiff's complaint for fraud and abuse of process for lack of subject matter jurisdiction because the plaintiff was "attempting to relitigate

---

[2] We note that there is no dispute that the juvenile court does not have exclusive jurisdiction in this case. *See* R.C. 2301.03(I)(1).

claims in the underlying divorce actions[,]" and "[o]nly the domestic relations court * * * has jurisdiction to make determinations that would directly impact and concern the parties' domestic relations case."); *Buckingham*, 2018-Ohio-2038, at ¶ 8, 21 (affirming the general division's dismissal of the plaintiff's complaint for fraudulent concealment and spoliation of evidence for lack of subject matter jurisdiction because "the damages [the plaintiff] seeks effectively would modify the relief that was granted by the domestic relations division in the divorce decree[,]" and the lawsuit "is an improper collateral attack on the divorce decree, that the domestic relations division has exclusive statutory jurisdiction over the subject matter of her complaint[.]"); *Caron*, 2002-Ohio-6027, at ¶ 8 (affirming the general division's dismissal of the plaintiff's complaint for fraud and other torts because "the crux of the claims asserted by [the plaintiff] involves matters relating to parentage, which is within the exclusive jurisdiction of the [domestic relations court].").

{¶19} Assuming without deciding that the General Division did have jurisdiction, the jurisdictional-priority rule applies, rendering any alleged error in the General Division's decision harmless. *See In re Campbell*, 7th Dist. Mahoning No. 05 MA 10, 2006-Ohio-1764, ¶ 17. The Ohio Supreme Court has explained the jurisdictional-priority rule as follows:

> Under the jurisdictional-priority rule, * * * "'[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'"
>
> To be sure, it is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so "[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter."
>
> Nevertheless, we have also recognized that the jurisdictional-priority rule can apply even when the causes of action and relief requested are not exactly the same, as long as the actions present part of the same "whole issue."

(Citations omitted.) *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, ¶ 9-11.

**{¶20}** Regarding the same-cause-of-action prong of the jurisdictional-priority rule, this Court has explained that, "[w]hile the claims need not be identical in every respect, they must be 'sufficiently similar such that each of the actions 'comprises part of the 'whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked." *Fraternal Order of Police v. Akron*, 9th Dist. Summit No. 23668, 2007-Ohio-7033, ¶ 22, quoting *Instant Win, Ltd. v. Summit Cty. Sheriff*, 9th Dist. Summit No. 20762, 2002-Ohio-1633, ¶ 6. "Claims are sufficiently similar for this purpose when they involve substantially the same parties and when a ruling by the second court to acquire jurisdiction could affect or interfere with resolution of the claims pending in the court in which the action was filed in the first instance." *Id.* at ¶ 23. "The rule focuses on the nature of the claims actually before the court." *Id.*

**{¶21}** Applying this law to the facts and procedural history of this case and case number DR-2010-11-3312, this Court concludes that – assuming without deciding that the General Division would have had jurisdiction over Mr. Dorsey's fraud complaint – it lacked jurisdiction by operation of the jurisdictional-priority rule. *State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 157 Ohio St.3d 20, 2019-Ohio-2011, ¶ 9, quoting *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 151 Ohio St.3d 129, 2017-Ohio-8133, ¶ 8 ("When the [jurisdictional-priority] rule applies, 'the judge in the second case patently and unambiguously lacks jurisdiction *by operation of the rule*[.]"). Because this conclusion is dispositive of Mr. Dorsey's assignment of error, we decline to address his remaining arguments. Mr. Dorsey's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT VIOLATED DORSEY'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE OHIO AND U.S. CONSTITUTIONS.

**{¶22}** In his second assignment of error, Mr. Dorsey argues that the General Division violated his due process and equal protection rights when it dismissed his complaint for lack of subject matter jurisdiction. We reject this argument outright because Mr. Dorsey did not raise these constitutional issues below, and he has not argued plain error on appeal. *State v. Morgan*, 9th Dist. Summit No. 29490, 2020-Ohio-3955, ¶ 15, quoting *State v. McCraw*, 9th Dist. Medina No. 14CA0009-M, 2015-Ohio-3809, ¶ 5 ("The failure to raise a constitutional issue at the trial level forfeits the right to make a constitutional argument on appeal. While a defendant who forfeits such an argument still may argue plain error on appeal, this court will not sua sponte undertake a plain-error analysis if a defendant fails to do so."). (Internal citation omitted.). Consequently, Mr. Dorsey's second assignment of error is overruled.

## III.

**{¶23}** Mr. Dorsey's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

NEIL P. AGARWAL, Attorney at Law, for Appellee.