[Cite as *Auck v. Stump*, 2024-Ohio-2220.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

PATTY AUCK,

    PLAINTIFF-APPELLEE,

  v.

MARK E. STUMP,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-45

O P I N I O N

Appeal from Crawford County Common Pleas Court
Domestic Relations
Trial Court No. 88-DR-0068

**Judgment Reversed and Cause Remanded**

**Date of Decision: June 10, 2024**

APPEARANCES:

    *Samuel H. Shamansky* **for Appellant**

    *Thomas L. Cole* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Mark Stump ("Stump"), brings this appeal from the October 31, 2023 judgment of the Crawford County Common Pleas Court, Domestic Relations Division. On appeal, Stump argues that the trial court erred by granting summary judgment to plaintiff-appellee, Patty Auck ("Auck"), and that the trial court erred by dismissing Stump's Civ.R. 60(B) motion without a hearing. For the reasons that follow we reverse the judgment of the trial court.

*Background*

{¶2} In 1980, Stump and Auck were married. In 1983, Auck gave birth to a daughter, Jennifer. By all accounts, Stump believed that he was Jennifer's biological father through her emancipation and beyond. The parties had no other children.

{¶3} Stump and Auck divorced in 1988. As part of the divorce, Stump acknowledged that Jennifer was his child and Stump was ordered to pay Auck weekly child support. Stump paid child support for Jennifer until she was emancipated in 2002.

{¶4} According to Stump, on December 24, 2018, a man named Patrick contacted Jennifer and indicated that he was her biological father. Jennifer informed Stump a few days later. In early January of 2019, DNA results confirmed that Patrick was Jennifer's biological father.

{¶5} Over four years later, on June 14, 2023, Stump filed a "Motion for Relief from Paternity, Request for Genetic Testing, and Request for Recovery of Child Support Payments." He argued that pursuant to R.C. 3119.961, et seq. and/or Civ.R. 60(B), the 1988 divorce action should be reopened because Auck committed fraud both against Stump and against the trial court. He sought the return of the roughly $41,000 in child support he paid.

{¶6} On July 10, 2023, Auck filed a Motion for Summary Judgment, arguing, *inter alia*, that that relief under R.C. 3119.961 was not available for previously paid child support pursuant to, *inter alia*, *Van Hoose v. Brown*, 3d Dist. Hardin No. 6-04-02, 2004-Ohio-4701, and that relief under Civ.R. 60(B)(3) was not available because under Civ.R. 60(B)(3) fraud had to be established within one year of the prior order.

{¶7} On August 7, 2023, Stump filed a response to Auck's motion, arguing that summary judgment was not permissible when addressing Civ.R. 60(B) motions. However, Stump argued that in the event the trial court considered the summary judgment motion, the trial court should consider relief under Civ.R. 60(B)(5), which permits a petitioner to obtain relief so long as the motion was filed within a reasonable time. Stump argued that the timing of the motion was reasonable given how long it took for Jennifer's biological father to be revealed.

{¶8} On October 31, 2023, the trial court filed a judgment entry determining that "far all reasons stated in [Auck's] Motion for Summary Judgment and

Memorandum * * * [Auck] is entitled to a DISMISSAL of the case." Auck was thus granted summary judgment. It is from this judgment that Stump appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred as a matter of law by granting a motion for summary judgment with respect to a motion for relief brought under Civ.R. 60(B).**

**Second Assignment of Error**

**The trial court abused its discretion by dismissing Appellant's motion for relief, which was supported by sufficient allegations set forth in an affidavit, with prejudice before conducting an evidentiary hearing.**

{¶9} Due to the nature of the disposition, we elect to address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

{¶10} In his second assignment of error, Stump argues that the trial court abused its discretion by dismissing his motion for relief without a hearing.

{¶11} Before we reach the merits of Stump's argument, we must first address the difficulty of reviewing a trial court's entry granting summary judgment "for all the reasons" stated in respondent's motion without any further analysis by the trial court. "[T]he trial court's act of entering summary judgment by adopting the appellees' entire summary judgment filings is not particularly helpful. But it also

does not constitute per se reversible error." *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 24 (2d Dist.).

**{¶12}** In *Rhododendron Holdings*, the Second District Court of Appeals held that it was not improper to grant summary judgment for the reasons stated in Appellee's motion when there was at least some minimal analysis by the trial court sufficient to facilitate appellate review. *Id.* at ¶25. But that minimal analysis is not present here, so *Rhododendron Holdings* is distinguishable.

**{¶13}** Nevertheless, the trial court directed us to Auck's motion for summary judgment, so we will review it. Auck's motion for summary judgment contained an attached affidavit, a 7-page memorandum in support, and multiple exhibits. The memorandum in support attacked numerous issues raised by Stump and made arguments in the alternative. Without more specificity by the trial court we are only left to assume that the trial court agreed with every word written by Auck. However, Auck's motion never addressed Stump's argument that summary judgment was not an appropriate vehicle to dispose of a Civ.R. 60(B) claim. Given that it seems this is a matter of first impression, it is a glaring omission by Auck and the trial court. This is particularly problematic because the standard for reviewing a motion for summary judgment is entirely different than the standard for reviewing the denial of a Civ.R. 60(B) motion.

**{¶14}** Additionally, we note that the judgment entry contains further irregularities. After the language "IT IS SO ORDERED," there is a line for the trial judge's signature. However, below the line for the trial judge's signature is a line for a magistrate's signature. It is not clear why the trial court's magistrate signed the judgment entry when there is no indication that the matter was ever referred to a magistrate. Generally, a magistrate cannot issue final orders or judgments. Civ.R. 53(E); *Crane v. Teague*, 2005-Ohio-5782, ¶ 34 (2d Dist.). Compounding the problem, below and to the left of the signature line for the magistrate is the word "Approved" followed by a signature line for *Auck's attorney*.

**{¶15}** Therefore, given the irregularities and the lack of clarity in the record, we are compelled to reverse the matter for the trial court to address the issues, make any appropriate findings, and explain its reasoning so that we may conduct a review. Therefore, Stump's second assignment of error is sustained. Accordingly, we reverse the award of summary judgment, and remand for further proceedings consistent with this opinion.

**{¶16}** As we have reversed the summary judgment award, the first assignment of error is rendered moot.

*Conclusion*

**{¶17}** Having found error prejudicial to Stump, the second assignment of error is sustained and the judgment of the Crawford County Common Pleas Court is reversed.

**Judgment reversed
and cause remanded.**

**ZIMMERMAN, and MILLER, J.J., concur.**